KEESAL, YOUNG & LOGAN
Peter R. Boutin, SBN 65261
Christopher A. Stecher, SBN 215329
450 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 398-6000
Facsimile: (415) 981-0136
peter.boutin@kyl.com
christopher.stecher@kyl.com

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Theodore V. Wells (*pro hac vice*)
Karen R. King (*pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
twells@paulweiss.com
kking@paulweiss.com

Roberto J. Gonzalez (*pro hac vice*)
2001 K Street, NW
Washington, DC  20006
Telephone: (202) 223-7316
rgonzalez@paulweiss.com

*Attorneys for Specially Appearing Defendant Binance Holdings Ltd.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| STEVEN CODY REYNOLDS,<br><br>                    Plaintiff,<br><br>      v.<br><br>BINANCE HOLDINGS LTD.,<br><br>                    Defendant. | Case No. 3:20-cv-02117-JSC<br><br>**SPECIALLY APPEARING DEFENDANT BINANCE HOLDINGS LTD.'S OBJECTION TO PLAINTIFF'S CLARIFICATION OF HIS REQUEST FOR JUDICIAL NOTICE**<br><br>Date:  August 13, 2020<br>Time:  9:00 a.m.<br>Place:  Courtroom E |

Pursuant to Local Rule 7-3(d), Specially Appearing Defendant Binance Holdings Ltd. ("Binance") objects to Plaintiff's July 20, 2020 Clarification to Request for Judicial Notice.

1  (ECF No. 44.)  The filing is plainly an unauthorized reply brief in support of Plaintiff's Request
2  for Judicial Notice.  It was filed seven days after Binance filed its Reply in Support of Its Motion
3  to Dismiss for Lack of Personal Jurisdiction and Opposition to Plaintiff's Request for Judicial
4  Notice (ECF No. 35), and four days after the parties jointly submitted an amended joint case
5  management statement stating that the motions were "fully briefed and under submission."  (ECF
6  No. 40 at 8.)

7  Moreover, Plaintiff's submission includes **over 20 pages** of purported "supplements"
8  found nowhere in Plaintiff's original Request for Judicial Notice and raises new factual and
9  evidentiary points not previously raised in Plaintiff's original Request.  (*Compare* ECF No. 44
10  *with* ECF No. 32.)  "It is well accepted that raising of new issues and submission of new facts in
11  a reply brief is improper."  *Pajas* v. *County of Monterey*, No. 16-cv-00945-BLF (SVK), 2017
12  WL 1408016, at *7 (N.D. Cal. Apr. 20, 2017) (striking new exhibit attached to reply brief)
13  (internal citations omitted); *see also California* v. *Bernhardt*, No. 4:18-CV-05712-YGR, 2020
14  WL 4001480, at *20, n.18 (N.D. Cal. July 15, 2020) (declining to consider a party's arguments
15  that they raised for the first time in a reply brief) (citing *Zamani* v. *Carnes*, 491 F.3d 990, 997
16  (9th Cir. 2007)); *Tabler* v. *Panera LLC*, No. 19-CV-01646-LHK, 2019 WL 5579529, at *4, n.1
17  (N.D. Cal. Oct. 29, 2019) (same); *Kolker* v. *VNUS Medical Technologies*, No. C 10–00900 SBA,
18  2012 WL 161266, at *6 (N.D. Cal. Jan. 17, 2012) (same).

19  Accordingly, this Court should disregard Plaintiff's "Clarification" in its entirety.

20  DATED: July 27, 2020

21  KEESAL, YOUNG & LOGAN

22  By:/s/ Peter R. Boutin
Peter R. Boutin
23  Christopher A. Stecher

24  PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
25  Theodore V. Wells (*pro hac vice*)
Roberto J. Gonzalez (*pro hac vice*)
26  Karen R. King (*pro hac vice*)

27  *Attorneys for Specially Appearing Defendant Binance Holdings Ltd.*
28